UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN R. HALL,

       Plaintiff,

       v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

       Defendant.

Case No. 3:14-cv-2055 JVB

**OPINION AND ORDER**

      Plaintiff Bryan R. Hall seeks judicial review of the Acting Social Security Commissioner's decision denying him disability insurance and supplemental income benefits, and asks this Court to remand the case. For the reasons below, the Court affirms the decision below.

**A.    Overview of the Case**

      Plaintiff is twenty-six years old. He alleges that he became disabled in October 2011, when he was almost twenty-two year old. The Administrative Law Judge (ALJ) found that Plaintiff had three severe impairments: major depressive disorder, agenesis of the corpus callosum, and urinary frequency. But while Plaintiff has suffered various psychiatric conditions since he was about six years old and the need for frequent urination since 2010, the ALJ found him able to perform several types of jobs in the regional economy.

B.      **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

C.      **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.      **Analysis**

Plaintiff argues that the ALJ committed two errors: (1) he failed to give the appropriate weight to the opinion of Dr. Gary Elliott, Plaintiff's neuropsychologist who had been treating him for five years; and (2) he didn't support his credibility findings by the evidence in the case.

 (1)     *The ALJ's assessment of Dr. Elliott's opinion is supported by substantial evidence*

Plaintiff claims that the ALJ ignored the evidence from Dr. Elliott. Plaintiff focuses on the fact that, after examining him in 2011, Dr. Elliot stated in his notes that Plaintiff's psychological status was such as to "essentially preclude his ability to live independently or to secure/maintain gainful employment for the time being." According to Dr. Elliott, only little had changed two years later. The ALJ discounted this opinion "because, pursuant to SSR 96-5p, the ultimate issue of disability is one that is reserved solely to the Commissioner and, thus, cannot be determined by the claimant's physician, regardless of the treating relationship . . .." (Decision, DE 10 at 21.)

The Court agrees that this assertion from the ALJ is odd. After all, that a doctor's opinion wades into the realm of legal findings is not a sufficient basis to discount it. If a doctor believes that a patient is unable to live by himself or be employed, such opinion may be important because the doctor's opinion expresses the limits of the patient's health. But the ALJ did not discount Dr. Elliott's opinion just because he expressed what could be considered a legal determination. Rather, other than Dr. Elliott's extreme restriction, no other treating or examining physician found Plaintiff to be so incapacitated. Contrary to Plaintiff's argument, Dr. Hinchman's and Dr. Rohrer's findings are inconsistent with Dr. Elliott's. Dr. Hinchman's notes show that Plaintiff had consistently showed stable thought content, fair-to-good memory and concentration, no suicidal or homicidal ideations, and a GAF score in 50s and 60s.[1] (Tr. 352, 382—423.) Similarly, Dr. Rohrer found that Plaintiff had no gross or fine motor difficulties, had adequate eye contact, appropriate response, normal thought processes, normal thought content, and intact recent and remote memory. (Tr. 372—73.) Plaintiff also smiled and demonstrated

---

[1] A GAF score of in the 51—60 range indicates some moderate symptoms or moderate difficulty in social, occupational, or school functioning. *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR)* 32—35 (4th ed. 2000).

3

appropriate humor. *Id.* He had four or five friends with whom he attended social events and had just broken up with a girlfriend. Moreover, although Plaintiff contends that he lost his job due to behavioral issues, the record shows that he quit his last job because his hours were reduced. (Tr. 97—98, 371.)

Likewise, Dr. Elliott's findings are contradicted by Dr. Timothy Onkka and Dr. Bradford Eaton. Both doctors found Plaintiff to be suffering only moderate symptoms or limitations. Similar to Dr. Hinchman, Dr. Eaton assessed a GAF score of 55. Dr. Amy Johnson, who is a state agency physician, also found Plaintiff's condition to be in line with the opinions of these doctors. Dr. Alan Wax's findings likewise contradicted Dr. Elliott's and more so than the findings of all other doctors, but the ALJ found that Plaintiff was more limited than Dr. Wax thought. Hence, the record contains substantial evidence that supports the ALJ's findings regarding Plaintiff's mental condition.

The ALJ's findings are appropriate as to polyuria as well. The medical evidence showed that Plaintiff's treatment regarding this condition was conservative, that Plaintiff's need to use the bathroom, while frequent, was not so excessive as to prevent him from working, and, in any case, the ALJ accounted for Plaintiff's condition in the RFC by providing that he work only where he has ready access to a restroom.

**(2)** *The ALJ's credibility determination is supported by substantial evidence*

The ALJ's credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Thus, a credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based the determination on specific findings and record evidence. *Id.* at 816.

Plaintiff argues that the ALJ did not explain his credibility assessment beyond the often used boilerplate. Yet, this argument fails because the ALJ considered the subjective statements from Plaintiff and his mother in light of objective evidence in the record. The ALJ found that the objective evidence contradicted Plaintiff's disability claims. He also noted that Plaintiff carried himself adequately at the hearing and understood all his questions. The Court is not convinced that the ALJ improperly assessed Plaintiff's credibility.

**E.     Conclusion**

For these reasons the Court affirms the decision of the Acting Commissioner.

SO ORDERED on March 30, 2016.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE